IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FEDERAL TRADE COMMISSION
    Plaintiff(s)

vs.                                Civil Action No. JFM-10-3214

RESIDENTIAL RELIEF FOUNDATION
    Defendant(s)

\*\*\*\*\*\*

## MEMORANDUM

On March 13, 2012, I entered an order approving plaintiff's redress distribution plan. On July 30, 2012, defendants James W. Holderness, Michael Valenti, and Bryan Melanson filed a motion under Fed. R. Civ. P. 60(b) to set aside the order. Defendant's motion will be granted in part and denied in part.

The redress order provided, in part, that none of the fines that were the subject of the order should be used for payment of attorney's fees and specifically ordered that funds being held by the Receiver pursuant to a stipulation dated June 8, 2011 (which provided that $300,000 should be held in escrow until the court had ruled on applications for attorneys' fees filed by defendants) should not be used for attorneys' fees but should all go toward consumer redress.

The present motion was filed well after the fourteen days set by Local Rule 105.10 for a motion to reconsider. Nevertheless, I am persuaded that in order to accomplish justice, some of the funds that are subject to the redress order should be paid to defendants to pay their attorneys' fees. Although according to the allegations in this case, defendants engaged in a fraudulent scheme, they were never criminally indicted. Moreover, I am persuaded that the record establishes that the lawyers who represented them in the criminal proceedings helped bring this

case to a timely conclusion. If defendants had been indicted and convicted, it may have been years before any compensation was paid to the victims. Moreover, although the motion was filed long after this court approved the redress order, it appears that the checks to the victims of the underlying scheme have not yet been cut.

Accordingly, I have concluded that the $45,000 should be released for the payment of attorneys' fees to the lawyers who represented defendants. Specifically, $15,000 should be released to pay Kramon & Graham, P.A. for its representation of James Holderness, $15,000 should be released to pay Joshua R. Treem, who represented Bryan Melanson,[1] and $15,000 should be released to pay Nathans & Biddle, LLP, for its representation of Michael Valenti. These fees are somewhat less than those requested by defendants because some of the attorneys' efforts benefitted defendants personally. No funds are being awarded to defendants for preparation of their motion for reconsideration because if defendant's opposition to the approval order had been pursued in a prompt manner, the filing of the motion for reconsideration would have been unnecessary.

A separate order is being entered herewith.

Date: 1/15/13

J. Frederick Motz
United States District Judge

---

[1] Mr. Treem has changed firms since the time he represented Mr. Melanson, and I will leave it to Mr. Treem to allocate properly the $15,000 paid to him.